# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN DEVIN RINGGOLD,

    Defendant.

Case Nos. 2:03-CR-00423-KJD-RJJ
           2:05-CV-00915-KJD-RJJ

**ORDER**

Presently, the Court has before it Movant John Devin Ringgold's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#41). The Government filed a response in opposition (#55), to which Movant filed a reply (#56). Additionally, the Court has before it Movant's Motion for Appointment of Counsel (#51) and Motion for Leave to Proceed in Forma Pauperis (#52).

**I. Background.**

On September 9, 2003, at approximately 10:30 p.m., Movant was traveling northbound on I-15 and driving a black Nissan Maxima with Missouri license plates. He was speeding, traveling 80 miles per hour in a 65 mile per hour zone, and his rear license plate light was not working. Officers stopped Movant and approached the car to discuss the infractions. Movant, who was driving, produced his Pennsylvania license and the Missouri registration for the vehicle, which was registered

1   to another person.  The officers noticed that Movant was nervous, breathing heavily and his hands
2   were shaking.  Furthermore, a strong odor from an air freshener was detected.  The officers also
3   noticed that the seams of the passenger's side air bag were not flush with the dashboard.  At this
4   point, the officers asked Movant to exit the vehicle and proceed towards the patrol car.  Movant
5   complied.  While the officers were conducting a records check, Movant was asked if he could be
6   patted down to make sure that he did not have any weapons.  Movant told the officers that he was
7   helping his niece move from Missouri to Las Vegas.  Movant stated that he was returning from the
8   state line where he had been at "the casino with the roller coaster."  During the ten to fifteen minutes
9   the records check was occurring, Movant did not make eye contact with the officers and was looking
10  off into the desert.

11      The records check revealed that Movant had no outstanding warrants, that he had a valid
12  driver's license but that he had a criminal history for domestic violence.  The check also revealed that
13  the car was properly registered.  However, a more detailed inquiry revealed that Movant had been
14  stopped in Oklahoma and police had confiscated $660,000 from a hidden compartment in the truck
15  in which he was traveling.  After the records check, the officers returned the documents to Movant
16  and gave him only a verbal warning about speeding and the defective light.  As Movant started to
17  walk back to his car, the officers asked Movant if he would answer a few questions.  Movant agreed.
18  Movant was asked if he had any weapons, drugs or large sums of money in the vehicle.  He
19  responded that there were none.  The officers then asked for consent to search the vehicle.  After a
20  detailed discussion about the search, Movant signed the consent form and allowed the officers to use
21  a narcotics-sniffing dog.  The dog alerted to the backseat of the car.  A hidden compartment was
22  found behind the rear seat containing five bundles of cocaine weighing a total of 13.7 pounds.

23      On September 24, 2003, a federal grand jury returned a single-count indictment charging the
24  Movant with possession with intent to distribute cocaine.  Movant, through his counsel Rene
25  Valladares, filed a motion to suppress the cocaine arguing that it was seized in violation of the Fourth
26  Amendment.  A magistrate judge held an evidentiary hearing on January 12, 2004.  On January 29,

2004, the magistrate judge filed a report recommending the denial of the motion to suppress. Movant's counsel filed written objections to the report.  The Court overruled the objections, adopted the report and denied the motion to suppress.

The Movant pled guilty on April 21, 2004, reserving his right to appeal the denial of his suppression motion.  On July 27, 2004, the Court entered judgment and sentenced Movant to seventy-eight (78) months imprisonment.  Movant's counsel filed a timely notice of appeal and later filed a detailed brief raising the suppression issues.  On April 28, 2005, the Ninth Circuit affirmed the Court's denial of the Movant's motion to suppress.  On July 29, 2005, Movant, through his appointed counsel filed a Petition for Writ of Certiorari which the United States Supreme Court denied on October 3, 2005.  While his Petition for Writ of Certiorari was pending, Movant filed the instant § 2255 motion arguing that the search of his vehicle and seizure of the cocaine violated the Fourth Amendment and that his counsel rendered ineffective assistance during the trial stage.[1]

**II.  Analysis.**

A § 2255 motion has long been available to attack convictions and sentences where the court at issue lacked jurisdiction or where claims of constitutional error occurred.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Non-constitutional and non-jurisdictional errors may also be raised in a § 2255 motion.  See id.  However, such an error does not provide a basis for collateral attack unless it is a fundamental defect which inherently results in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure.  See id.  Finally, review under § 2255 is not available as to claims previously rejected on their merits on direct appeal. See Kaufman v. United States, 394 U.S. 217, 227 n.8 (1969), overruled on other grounds by Stone v. Powell, 428 U.S. 465 (1976); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985).  Exceptions to the "previously determined" rule include cases where there is an intervening change in the law or

[1]The Government had filed a motion to dismiss arguing that the Court lacked jurisdiction due to Movant's filing of the petition for writ of certiorari.  The Court denied the Government's motion after the United States Supreme Court had denied the petition.

3

1   other countervailing equitable considerations.  See Davis v. United States, 417 U.S. 333, 342 (1974),

2   Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993); see also Withrow v. Williams, 507 U.S.

3   680, 720-21 (1993) (Scalia, J., concurring in part, dissenting in part).  The general rule is that a writ

4   of habeas corpus or a § 2255 motion will not be allowed to be a recapitulation or substitute for an

5   appeal.  See Reed v. Farley, 512 U.S. 339, 354 (1994); Daniels v. United States, 26 F.3d 706, 711

6   (7th Cir. 1994).

7           Movant first challenges the denial of the motion to suppress as well as requests suppression

8   based on other issues not raised previously.  This challenge fails for two primary reasons.  First,

9   Movant raised this claim on his direct appeal.  See United States v. Ringgold, No. 04-10416, 2005

10  WL 977012 (9th Cir. Apr. 28, 2005).  The Ninth Circuit found that under the totality of the

11  circumstances, reasonable suspicion existed to justify the additional inquiries made during the traffic

12  stop and that Movant's consent to the search was indeed voluntary.  In his § 2255 motion, Movant

13  essentially reasserts the merits of his appellate argument.  Moreover, Movant fails to argue in this

14  motion that there has been an intervening change in the law or other countervailing considerations.

15  See Davis, 417 U.S. at 342, Underwood, 15 F.3d at 18; see also Withrow, 507 U.S. at 720-21.

16  Because the identical issues were raised and decided on direct appeal, Movant's Fourth Amendment

17  claims are now precluded any § 2255 relief.  See Daniels, 26 F.3d at 711-12.

18          Second, Movant's Fourth Amendment claims are not cognizable on collateral review.  Here,

19  Movant had a full and fair opportunity to raise these issues at the trial level and on direct appeal.

20  Accordingly, Movant cannot raise such exclusionary claims in the instant § 2255 motion.  See United

21  States v. Hearst, 638 F.2d 1190, 1196 (9th Cir. 1980); see also Stone v. Powell, 428 U.S. 465, 494

22  (1976).[2]

23

24  _____

25          [2]Movant raises some Fourth Amendment arguments that were not addressed at the trial or
    appellate level.  If these Fourth Amendment arguments were never raised, the proper procedure is to
26  argue ineffective assistance of counsel and not to raise them independently in a § 2255 motion.  See
    Hearst, 638 F.2d at 1196.

1      Movant's remaining claim is one of ineffective assistance of counsel.  The familiar two-
2  pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting
3  ineffective assistance of counsel.  Under the first prong, the § 2255 movant must demonstrate that
4  counsel's conduct was constitutionally deficient in that it fell below an objective standard of
5  reasonableness.  See id. at 688.  In evaluating counsel's performance, courts must not engage in the
6  distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's
7  performance within the context of the circumstances at the time of the alleged errors.  See id. at 690.
8  Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut
9  this presumption by proving that his counsel's representation was unreasonable under prevailing
10  professional norms.  See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).  To satisfy the second
11  prong, the movant must demonstrate that counsel's deficient performance prejudiced him.  See
12  Strickland, 466 U.S. at 687.  Typically, the movant must show that there is a reasonable probability
13  that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
14  See id. at 694.  The burden is undoubtedly on the movant and unless he proves both prongs, his
15  claims fail.  See id. at 687.

16      Here, Movant fails to make a credible claim of ineffective assistance.  First, counsel's
17  performance were objectively reasonable.  Mr. Valladares diligently pursued the Fourth Amendment
18  issues.  While counsel did not raise or do everything that Movant has now been able to conceive of
19  the last couple of years, this does not make counsel's representation unreasonable.  Mr. Valladares
20  submitted a well-reasoned brief on the key and most promising issues concerning the search and
21  seizure.  Mr. Valladares was thoroughly prepared for the suppression hearing.  At the hearing, Mr.
22  Valladares left the decision to take the stand solely on Movant.  To prepare for the hearing, Mr.
23  Valladares met with Movant at the jail on several occasions, obtained copies of the official training
24  manual and utilized them during the cross-examination of the officers, and subpoenaed copies of the
25  audio tape recordings of the radio traffic arising from the stop and all telephone calls to and from the
26  communications center of the Nevada Highway Patrol.  Finally, Mr. Valladares states in his affidavit

1   that he kept Movant aware of all stages of the criminal proceeding concerning the motion to

2   suppress, especially what issues were going to be raised in the motion, and that Movant agreed that

3   this was the most fruitful course of action.  Movant never disputes this.  Rather, with 20/20

4   hindsight, Movant argues that counsel should have raised every conceivable argument, no matter

5   how tenuous, the failure of which allegedly renders counsel's representation unreasonable.  Contrary

6   to Movant's conclusory arguments, counsel's performance was reasonable.  The Sixth Amendment

7   does not require counsel to raise every conceivable argument during a hearing or in a motion.  Here,

8   counsel raised what appeared at the time to be the most fruitful issues well within the confines of the

9   Sixth Amendment.[3]

10         Second, Movant cannot prove the second prong of the <u>Strickland</u> test.  Despite conclusory

11   arguments otherwise, Movant fails to explain how he was prejudiced.  Wishful thinking that the

12   result of the suppression hearing would have been different if only counsel would have raised every

13   issue that Movant has now imagined does not constitute "reasonable probability."  Again, citation to

14   a newspaper article also does not constitute "reasonable probability."

15

16   _____

17   [3]In his reply, Movant abandons the myriad of things counsel should have done and instead
    focuses on two issues.  Unfortunately for Movant, Counsel's failure to do either one does not
    constitute ineffective assistance.  Movant first asserts that counsel failed to argue that his stop was

18   the result of racial profiling.  The facts surrounding his stop render this argument as one of least
    fruitful to raise.  The officers' report indicates that Movant was stopped at 10:30 p.m. near mile

19   marker 30, which is most likely an unlit portion of northbound I-15.  At that time of night on that
    portion of the Interstate, Movant's race would have been very difficult, if not impossible, to discern

20   while Movant was driving 80 mph.  Movant's citation to an article in the <u>Las Vegas Review Journal</u>,
    while informative, does not prove his case.  The fact, one of the officers involved in his stop, was

21   early challenged in a different criminal case to have been involved in racial profiling, does not mean
    every stop he has effected was similarly tainted.  That is a logical fallacy.

22         Again citing to this newpaper article, Movant next argues that counsel rendered ineffective
    assistance by not obtaining the "videotape" of his arrest.  Counsel states that he did not subpeona an

23   allegedly exculpatory videotape because he had no reason to believe that there was such a videotape
    involved in the stop or search.  Movant's only response is that he told counsel he observed an

24   operational camera.  Movant fails to specify in either his motion or reply how he saw the video
    camera or how he knew it was operational.  Assuming that he did tell counsel the same conclusory

25   statements, the facts surrounding his stop – at night on an unlighted portion of the freeway with the
    headlights of the officers' vehicle on – would easily render this as one of the least fruitful inquiries to

26   raise in the motion to suppress.

**III.  Conclusion.**

Movant's arguments concerning the Fourth Amendment lack merit as they were previously raised on direct review and are not cognizable on collateral review.  Movant's ineffective assistance claim also fails.  Failure to raise every issue of which Movant has now conceived does not render counsel's performance unreasonable especially in light of the diligence counsel exhibited in raising what both Movant and he thought were the most fruitful issues.  Moreover, Movant has failed to show prejudice despite his conclusory statements otherwise.

Accordingly, IT IS HEREBY ORDERED that  Movant John Devin Ringgold's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#41) is **DENIED**.

IT IS FURTHER ORDERED that Movant's Motion for Appointment of Counsel (#51) and Motion for Leave to Proceed in Forma Pauperis (#52) are **DENIED as MOOT**.

DATED this 22nd day of February 2007.

_____
Kent J. Dawson
United States District Judge

7